[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12213
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01896-JSM-EAJ


ZURICH SERVICES CORPORATION,

Plaintiff - Appellee,

versus

PROFESSIONAL MANAGEMENT SERVICES GROUP, INC.,
f.k.a. PEO Management Group, Inc.,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Professional Management Services Group, Inc. (PMSG) appeals the district

court's grant of summary judgment for plaintiff Zurich Services Corporation (ZSC) in this breach-of-contract suit.  PMSG contends that it was not required to make payments following ZSC's performance of its obligations because of the availability of a separate account from which ZSC could have drawn payment. After careful consideration, we reject this argument and affirm.

## I.

We review de novo a district court's grant of summary judgment, considering only the evidence available to the district court.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  Id. at 836–37.

In 2011, PMSG and ZSC entered into a Claims Service Contract under which ZSC agreed to administer certain workers compensation claims asserted against PMSG.  In exchange, PMSG agreed to make twelve monthly payments to ZSC based upon the estimated number of claimants.  The contract also provides that approximately one year after the expiration of the contract, the parties would perform a final reconciliation based on the actual number of claimants.  If the reconciliation demonstrated that ZSC had handled fewer claimants than predicted, it was required to return the additional amount to PMSG within 60 days; similarly,

if ZSC had handled more claimants than predicted, PMSG was required to pay ZSC the additional amount within 60 days.

The Claims Services Contract contains an Illinois choice of law provision. In order to prevail in a breach-of-contract claim, a plaintiff must prove "the existence of a contract, the plaintiff's performance of all contractual conditions required of [it], the defendant's breach of the contract, and the damages that resulted from the breach." Finch v. Ill. Cmty. Coll. Bd., 734 N.E.2d 106, 110 (Ill. App. Ct. 2000).

In March 2013, ZSC performed a final reconciliation and sent PMSG an invoice for an additional $565,095 in fees. PMSG neither objected to nor paid this invoice. The record indicates that PMSG has never contested the validity of the contract or ZSC's performance or claimed damages. On appeal, it still does not object to ZSC's reconciliation, but insists that it has not breached the Claims Service Contract because ZSC is supposed to draw the amount that it is owed from a separate Loss Fund Account.

PMSG's argument is in conflict with the Claims Service Contract between the parties. That contract unambiguously states that the purpose of the Loss Fund Account is to enable ZSC to pay claimants for workers compensation claims. The contract also unambiguously provides a separate mechanism for PMSG to pay ZSC for service fees following the reconciliation.

3

For this reason, we agree with the district court's grant of summary judgment to ZSC.

**AFFIRMED.**